**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lynford Ray SAMPSON, Defendant–Appellant.**

**No. 00–10145.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 12, 2001.

Decided Jan. 31, 2001.

Before SNEED, GRABER, and PAEZ, Circuit Judges.

## MEMORANDUM*

Defendant Lynford Ray Sampson appeals his conviction and sentence, after a jury trial, for voluntary manslaughter, in violation of 18 U.S.C. §§ 1153 and 1112(a) and (b). We affirm.

On June 27, 1999, the body of Alvin Miguel was found in the yard of a residence on the Salt River Pima–Maricopa Indian Community. A stab wound to the neck had severed Miguel's jugular vein and caused him to bleed to death. The following day, Sampson was charged with second degree murder in Miguel's death. At trial, Sampson's daughter testified that on the evening of July 27, she watched Sampson take a whiskey bottle from the top of the car in his front yard, attempt to break the bottle several times, and finally succeed in breaking it against the car. Sampson's daughter tried to pull him away from Miguel, but the defendant shook her away. He swung the broken bottle at Miguel in a downward motion, slashed Miguel's neck, and told him to leave. Miguel then walked off the property, apparently climbed a fence, and collapsed in the nearby yard where he died. At the conclusion of the trial, defense counsel requested jury instructions regarding involuntary manslaughter as a lesser included offense of murder for which the jury might instead

convict the defendant. The district court refused the instruction.

■ Sampson first challenges the district court's refusal to grant his request for an involuntary manslaughter instruction, which we review for abuse of discretion. *United States v. Anderson*, 201 F.3d 1145, 1148 (9th Cir.2000). If there is any evidence in the record to support a theory that the killing was accidental, failure to instruct on involuntary manslaughter is plain error. *Id.* at 1150. The record in this case does not contain any such evidence.

Sampson contends that Miguel died as a consequence of a lawful act committed in an unlawful manner, under the second prong of the involuntary manslaughter statute. *See* 18 U.S.C. § 1112(a). The defendant points to his own conduct, his lack of vision, darkness, and an earlier quarrel with the victim to demonstrate that his use of non-deadly force led to an unintentional killing. Sampson cites *Anderson*, 201 F.3d at 1151, to bolster his argument that the court's failure to give an involuntary instruction was error. In *Anderson*, the victim was killed during a struggle over a knife with the defendants. *Id.* at 1148. Both defendants testified at trial that the killing was accidental, that "Jackson was stabbed when Miranda grabbed for Jackson's knife, with Anderson holding Jackson down to help Miranda gain control of the knife." *Id.* at 1153. This court held that the evidence was consistent with an unintentional killing. *Id.*

■ Here, Sampson presented no evidence that the killing was accidental and did not testify at trial to that effect. He did not appear to be arguing with Miguel

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

immediately before killing him; he attempted several times to smash the bottle before succeeding; he was not struggling with the victim over the weapon; and he rebuffed his daughter's efforts to stop him. Sampson deliberately smashed a bottle, slashed Miguel's neck with it, and ordered Miguel to leave. This was not an involuntary act. Therefore, the district court did not err in refusing to give an involuntary manslaughter instruction.

■ Sampson also contends that the district court should not have excluded evidence of his and the victim's blood alcohol levels. We review a district court's evidentiary ruling that raises predominantly legal issues de novo. *United States v. Mateo–Mendez,* 215 F.3d 1039, 1042 (9th Cir.2000). Second degree murder and voluntary manslaughter are general intent crimes. Voluntary intoxication is not a defense to general intent crimes. *Kane v. United States,* 399 F.2d 730, 736 (9th Cir. 1968). The district court did not err in excluding the challenged evidence because the evidence was offered to negate the defendant's intent, which is impermissible when the charge is a general intent crime.

AFFIRMED.